Lease; interpretation; compensation for overtime services or utilities provided by lessor; "normal working hours”; conduct of parties; additional rental compensation. — In April 1970 plaintiffs leased a building to GSA for occupancy and use by the Internal Revenue Service. The lease terminated on June 30, 1973. Shortly after occupancy and use of the building, IRS utilized the building with working personnel beyond normal working hours and received services or utilities from plaintiffs during said overtime periods without GSA approval or knowledge. A supplement to the lease was signed by GSA and plaintiffs on October 21, 1971 providing, inter alia, for a rate of $50 per hour for overtime hours use, prorated by full floors at the rate of $12.50 per hour per floor. Shortly thereafter, IRS questioned the $12.50 hourly rate for the lower level which housed its computer operation and as to which IRS supplied its own heat and air conditioning and performed its own janitorial services; IRS suggested that a more appropriate rate for that level would be $5.00 or $6.00 per hour. Plaintiffs refused to modify the agreement. For fiscal *468 years 1971 and 1972 IRS supplied plaintiffs and GSA with a schedule of overtime computations based on normal working hours of 7:00 a.m. to 5:00 p.m., but supplied an alternative computation for the lower level based on an hourly overtime rate of $6.00 (later raised to $6.50). Plaintiffs refused to accept the lower overtime rate and GSA refused to make any payment where a lower level overtime rate of $12.50 was to be utilized. In November 1972 for the first time a new contracting officer advised plaintiffs that they would have to supply GSA with exact cost for services and utilities furnished. Plaintiffs advised GSA that they were unable to supply the information and GSA advised plaintiffs that their failure to provide adequate cost information precluded payment of any additional overtime compensation, and further that it would take no further action on the matter. This suit followed, seeking to recover $759,325 as additional hourly compensation relative to overtime operation of the building and $238,356.16 for additional rental compensation, claimed to be due under the lease. On July 29, 1977 Trial Judge Thomas J. Lydon filed a recommended opinion concluding that the October 21, 1971 agreement clearly provided for a $12.50 per floor, including the lower level, overtime rate; that for purposes of this litigation "normal working hours” as those words were used in the Overtime Services lease provision, were deemed to be from 7:00 a.m. to 5:00 p.m., and that services or utilities provided IRS, in building areas where IRS employees worked, beyond those hours were properly compensable under the Overtime Services lease provision; that IRS was to supply plaintiff with the number of overtime hours worked per floor for payment purposes; that use of the IRS overtime computation schedules disclosed that plaintiffs are entitled to recover as additional overtime compensation $287,837.50; and that plaintiffs are not entitled to recover additional rental compensation. On April 14, 1978 the court, by order, adopted the trial judge’s recommended decision as the basis for its judgment in this case, concluded that plaintiffs are entitled to recover, and entered judgment for plaintiffs for $287,837.50 provided that plaintiffs may obtain payment of such award upon tender to and acceptance by defendant of an indemnification agreement designed to protect the Government against possibility of any duplicate claim for *469 the amount awarded by the judgment. The court further ordered that plaintiffs are not entitled to recover additional rental compensation and dismissed relevant Count III of the petition.